# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ACE PROPERTY & CASUALTY )
INSURANCE COMPANY, as successor )
to CIGNA PROPERTY & CASUALTY )
INSURANCE COMPANY, *et al.*, )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　 )
v. ) Case No. 05-1301-JTM
　　　　　　　　　　　　　　　　　　　　　　　 )
SUPERIOR BOILER WORKS, INC., )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Defendant. )
_____ )

## **STATUS CONFERENCE ORDER**

A status conference was held by telephone on January 5, 2007, in the above case. Plaintiff appeared by counsel James F. Martin and Scott R. Schillings; Defendant appeared by counsel Douglas Y. Curran and Richard L. Green.

The Court reviewed with counsel the status of pending motions. Presently pending before the undersigned magistrate judge are the following motions:

　　1.　　Defendant's Motion to Compel (Doc. 32);

　　2.　　Defendant's Motion to Compel Rule 30(b)(6) Deposition Testimony

　　　　　(Doc. 38);

　　3.　　Defendant's Motion to Extend Certain Deadlines (Doc. 41); and

　　4.　　Plaintiff's Motion to Compel (Doc. 60).

All of these motion are fully briefed except for Plaintiff's Motion to Compel (Doc. 60) where Plaintiff's time to file any reply has not yet run.  Presently pending before the trial judge are the following motions:

    1.     Plaintiff's Motion for Summary Judgment (Doc. 24); and

    2.     Defendant's Motion for Summary Judgment (Doc. 61).

The briefing is complete on Plaintiff's Motion for Summary Judgment (Doc. 24), but the time for response and any reply concerning Defendant's Motion for Summary Judgment (Doc. 61) has not yet expired.

It now appears that the trial date and several other deadlines which were set in the Scheduling Order entered on February 28, 2006 (Doc. 15) are not realistic since there are several remaining discovery matters to be completed, including any discovery that is ordered as a result of the pending motions to compel.  It appears to the court, however, that some of this discovery might be obviated depending upon the trial court's rulings on the pending motions for summary judgment. Therefore, after conferring with the trial judge, the court hereby vacates the trial date (and all related *Daubert* and other *in limine* deadlines and hearing) previously set in the Scheduling Order (Doc. 15), as well as the deadlines for expert disclosures, cutoff of discovery and the date for a pretrial conference.  After rulings have been issued on the pending motions for summary judgment, the Court will set

a continued status or scheduling conference for the purpose of setting all final discovery and trial deadlines and dates.

The parties advise that they are continuing to work with the mediator in this case, Mr. Mike Stout, and they contemplate additional mediation conferences. Mr. Shilling is hereby directed to advise the undersigned magistrate judge of the date of any future mediation conference which is scheduled. In order to facilitate any such mediation, Plaintiff is hereby directed to deliver to Defendant not later than **January 22, 2007**, the chart summarizing the Texas cases which was discussed at the last status conference in October, 2006.

During discussions with counsel, it appears that some of the above-referenced motions are now moot. After reviewing the motions, it is hereby ORDERED that Defendant's Motion to Compel Rule 30(b)(6) Deposition Testimony (Doc. 38) and Defendant's Motion to Extend Certain Deadlines (Doc. 41) are MOOT.

Dated this 5th day of January, 2007.

                                            s/ DONALD W. BOSTWICK
                                            U.S. MAGISTRATE JUDGE