# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ACE PROPERTY & CASUALTY )
INSURANCE COMPANY, as successor )
to CIGNA PROPERTY & CASUALTY )
INSURANCE COMPANY, *et al.*, )
                                                           )
         Plaintiffs, )
                                                           )
v. ) Case No. 05-1301-JTM
                                                           )
SUPERIOR BOILER WORKS, INC., )
         Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court are the following discovery motions:

1. Defendant's Motion to Compel Written Discovery (Doc. 32); Plaintiffs' response (Doc. 43); and Defendant's reply. (Doc. 46.) [1]

2. Plaintiffs' Motion to Compel Supplemental Answers to Interrogatories and an Amended Privilege Log (Doc. 60); and Defendant's Response in Opposition. (Doc. 70.)

Both parties have filed motions for summary judgment. (Doc's 24, 61.) The district court denied Plaintiffs' motion and granted in part and denied in part Defendant's motion. (Doc. 81.) Defendant's motion was granted as to Plaintiffs'

---

[1] Another discovery motion, Defendant's Motion to Compel Rule 30(b)(6) Deposition Testimony (Doc. 38), Plaintiffs' response (Doc. 44), and Defendant's reply (Doc. 47) was held to be moot. (Doc. 71.)

first claim based on written contract because the court found that the five-year statute of limitations barred such claim. (Doc. 81 at 13.) Defendant's motion was denied, however, as to Plaintiffs' second claim for equitable contribution because the court found that there was a genuine issue of material fact as to whether the underlying claims constituted a single occurrence for purposes of applying the appropriate statute of limitations. (Doc. 81 at 14.) [2]

Plaintiffs' have filed a motion for reconsideration (Doc. 82), and the time for briefing that motion has not expired.

In considering Defendant's motion to compel written discovery, the parties agree that the written materials requested concerning the underlying claims are voluminous and are located at the offices of the various defense counsel who have been defending these claims on behalf of Defendant. Plaintiffs' Complaint references "thousands" of lawsuits and notes that Defendant's demands to Plaintiffs' for coverage and defense occurred in approximately 1989. (Doc. 1 at ¶¶ 10-11.) However, if reconsideration is not granted and the only remaining claim is

---

[2] In denying Defendant's motion for summary judgment on the equitable contribution claim, the court summarized Defendant's position concerning the two possible outcomes of this claim: (1) that the thousands of underlying claims arise out of a single occurrence and therefore are barred by the three-year statute of limitations (for the same reasons adopted by the court concerning the limitations bar of the contract claim), or (2) that each underlying claim arises out of a separate occurrence and therefore claims for costs incurred prior to September 30, 2002 are barred by the three-year statute of limitations. (Doc. 81 at 14.)

for equitable contribution, the court is uncertain as to whether discovery prior to September 22, 2002 (three years prior to the filing of the action) would be calculated to lead to discoverable evidence or not. Until the court has ruled on the motion to reconsider, it would be inefficient and expensive for the parties to pursue this extensive written discovery.

While the parties have been engaged in the briefing of the summary judgment motions, they have also engaged in several mediation conferences with Mr. Mikel Stout. It was the court's understanding that the parties had been exchanging some factual information about costs and expenses in order to proceed with the mediation process. The court advised the mediator that it wanted a status report concerning settlement negotiations by August 31, 2007. The district court's ruling on the motions for summary judgment was issued only four days prior to this status deadline. The undersigned magistrate judge then received reports from both parties about the present status of settlement negotiations. Those reports were received prior to the filing of the motion for reconsideration by Plaintiffs. Mr. Stout has now reported to the undersigned magistrate judge that it does not appear that a settlement can be reached at this time, notwithstanding the good faith participation of all parties in the mediation process.

Because significant events have occurred since the filing of the two pending

discovery motions, because the district court has not ruled on the motion for reconsideration, and because the court is uncertain as to whether some of the issues outlined in the those motions have been resolved in part as the parties have pursued settlement discussions,  Defendant's Motion to Compel (Doc. 32) and Plaintiffs' Motion to Compel Supplemental Answers to Interrogatories and an Amended Privilege Log (Doc. 60), are hereby DENIED, without prejudice to renewal.

After the district court has ruled on the pending motion for reconsideration, if the parties wish to renew these discovery motions they may do so by filing a short motion, <u>without</u> a supporting memorandum, indicating that they are renewing these prior motions.  Before doing so, however, the parties shall meet and confer with each other in order to identify whether any of the issues raised in the prior motions have been resolved in whole or in part.  Any party seeking to renew its prior discovery motion shall include in its renewed motion a statement of the result of this meet and confer session and shall identify with specificity any

issues raised in the prior motion which have now been resolved or have become moot.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 18th day of September, 2007.

                              s/   DONALD W. BOSTWICK
                              DONALD W. BOSTWICK
                              United States Magistrate Judge