IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ACE PROPERTY & CASUALTY
INSURANCE COMPANY, as successor to
CIGNA PROPERTY & CASUALTY
INSURANCE COMPANY, et al.,

    Plaintiffs,

vs.

    Case No. 05-1301-JTM

SUPERIOR BOILER WORKS, INC.,

    Defendant.

MEMORANDUM AND ORDER

The court has previously entered an Order (Dkt. No. 81) granting defendant's motion for summary judgment (Dkt. No. 61) as to Count I of the Complaint and denying it as to Count II. By the same Order, the court denied the plaintiffs' motion for summary judgment. (Dkt. No. 24). The matter is now before the court on the plaintiffs' motion for reconsideration and clarification. (Dkt. No. 82).

D.Kan.R. 7.3 permits reconsideration based on new evidence, an intervening change of law, or the need to correct clear error. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1998). A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence, such a motion is directed not at initial consideration but reconsideration and is appropriate only if the court has obviously misapprehended a party's position, the facts or applicable law, has mistakenly decided issues not presented for determination, or the moving party

produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court has reviewed the pleadings and finds no ambiguity in its prior order justifying any clarification and no error justifying reconsideration. The court correctly ruled, based on the evidence submitted, that plaintiffs' claims under Count I were time-barred. The court finds that the "continuing contract" theory now advanced by plaintiffs is a new argument which was not previously advanced and in any event fails to justify the survival of the present, time-barred claim. The direct and early refusals (in 1995 and 1996) of defendant to undertake the defense of the claims against the plaintiffs bars the present claim in Count I, and plaintiffs have not demonstrated any valid rationale for so avoiding application of the statute of limitations.

Plaintiffs' Count I is clearly and explicitly grounded on a claim of contract, not equitable contribution, and the court accordingly applied the correct statute of limitations in its previous order. The plaintiffs' motion errs in suggesting that the court's prior Order misunderstood the nature of the underlying claims against them as contractual rather than tortious in nature. The plaintiffs misread the Order, which clearly indicates that the reference to "contractual obligations" merely refers to the defendant's duty to defend. None of the remaining challenges to the court's award of summary judgment possess any merit.

The plaintiffs also suggest that clarification is required as to the court's denial of their motion for summary judgment. The court finds that such clarification is not justified or required. The court correctly summarized and stated the plaintiffs' argument before concluding: "The court disagrees and believes that due to this unresolved question of whether a single continuous occurrence resulted in an unallocable loss covering successive policy periods, there is a genuine issue as to material fact which precludes summary judgment on this issue." (Dkt. No. 81, at 8-9). The court's order is not ambiguous and is sufficiently clear to permit the parties to prepare for trial on the material issues in the case.

IT IS ACCORDINGLY ORDERED this 26th day of February, 2008, that the plaintiffs' Motion for Reconsideration and Clarification (Dkt. No. 82) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE